UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JILL A. o/b/o J.S.E.W.,

                          Plaintiff,

                                  DECISION AND ORDER

                                  20-CV-0727L

            v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                          Defendant.
_____

Plaintiff, on behalf of her minor son, J.S.E.W. ("claimant"), appeals from a denial of supplemental security income benefits by the Commissioner of Social Security ("the Commissioner"), based on the Commissioner's finding that J.S.E.W. was not disabled.

Plaintiff protectively filed an application for Supplemental Security Income on J.S.E.W.'s behalf on January 23, 2017, claiming disability as of that date. Plaintiff's application was initially denied on March 10, 2017. Plaintiff requested a hearing, which was held on January 15, 2019 before Administrative Law Judge ("ALJ") Paul Georger. (Dkt. #8 at 15). On March 21, 2019, the ALJ issued a decision concluding that J.S.E.W. was not disabled. (Dkt. #8 at 15-32). That decision became the final decision of the Commissioner when the Appeals Council denied review on April 15, 2020. (Dkt. #8 at 1-3). Plaintiff now appeals.

Plaintiff has moved (Dkt. #9) and the Commissioner has cross moved (Dkt. #12) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons that follow, I find

that the Commissioner's decision is not supported by substantial evidence and was the product of legal error, and that remand is appropriate.

## DISCUSSION

### I.   Relevant Standards

Because J.S.E.W. is a child, a particularized, three-step sequential analysis is used to determine whether he is disabled. First, the ALJ must determine whether the child is engaged in substantial gainful activity. *See* 20 CFR §416.924. If so, the claimant is not disabled. If not, the ALJ proceeds to step two, and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act. If not, the analysis concludes with a finding of "not disabled." If so, the ALJ continues to step three.

At step three, the ALJ examines whether the claimant's impairment meets or equals the criteria of a listed impairment. If the impairment meets or medically equals the criteria of a listing and meets the durational requirement (20 CFR §416.924) – that is, if the child's impairments are functionally equivalent in severity to those contained in a listed impairment – the claimant is disabled. If not, he is not disabled. In making this assessment, the ALJ must measure the child's limitations in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for himself; and (6) health and physical well-being. Medically determinable impairments will be found to equal a listed impairment where they result in "marked" limitations in *two or more* domains of functioning, or an "extreme" limitation in one or more. 20 CFR §§416.926a(a), (d) (emphasis added).

The Commissioner's decision that J.S.E.W. is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002).

**II.    The ALJ's Decision**

The ALJ initially found that since the January 23, 2017 application date, J.S.E.W. (4 years old at the time of the application) has had the severe impairments of attention deficit hyperactivity disorder ("ADHD") and asthma. (Dkt. #8 at 18). The ALJ proceeded to analyze whether J.S.E.W. has any "marked" or "extreme" limitations in any of the six domains of functioning.

Based on the medical, educational and testimonial evidence presented, the ALJ concluded that during the relevant period, J.S.E.W. has had a less than marked limitation in acquiring and using information, a less than marked limitation in attending and completing tasks, a marked limitation in interacting and relating with others, no limitation in moving about and manipulating objects, a less than marked limitation in caring for himself, and a less than marked limitation in health and physical well-being. The ALJ accordingly concluded that J.S.E.W. is "not disabled." (Dkt. #8 at 24-31).

**III.   The ALJ's Assessment of the Opinions of Record**

Plaintiff argues that the ALJ failed to properly evaluate, or afford sufficient credit to, the November 21, 2018 opinion of plaintiff's treating psychiatrist, Dr. Joshua Russell. (Dkt. #8 at 375-79).

It is well settled that under the treating physician rule that was in place at the time the plaintiff's application was filed, an ALJ is obligated to grant controlling weight to the opinion of a treating physician, so long as it was "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the]

3

record." 20 C.F.R. §§404.1527(c)(2). Where an ALJ declines to grant controlling weight to a treating physician's opinion, he must set forth "good reasons" for having done so. *Halloran v. Barnhart*, 362 F.3d 28, 32-33 (2d Cir. 2004). Failure to furnish such reasons is reversible error.

Dr. Russell stated that his opinion was based on monthly treatment visits from November 22, 2017 through October 17, 2018. He diagnosed J.S.E.W. with ADHD, Opposition Defiant Disorder ("ODD"), and separation anxiety disorder, and noted that J.S.E.W. received regular psychotherapy and medication for those conditions. He indicated that J.S.E.W. demonstrated significant anxiety, hyperactivity, and impulsivity, and was prone to tantrums and physical aggression. Dr. Russell opined that J.S.E.W. had marked limitations with respect to social functioning, personal functioning, attending and completing tasks, interacting with others, and caring for himself, and moderate limitations in acquiring and using information. (Dkt. #8 at 375-79).

The ALJ gave "partial" weight to Dr. Russell's opinion, tacitly declining to credit J.S.E.W.'s ODD and separation anxiety disorder diagnoses at step two, and largely rejecting the functional limitations Dr. Russell described. In so doing, the ALJ merely stated that "Dr. Russell's findings and diagnoses are consistent with the record, but the suggested limitations exceed those supported by the evidence." (Dkt. #8 at 23).

Plaintiff argues that the ALJ failed to properly apply the treating physician rule to Dr. Russell's opinion, or to supply "good reasons" for rejecting the diagnoses and limitations Dr. Russell identified.

The Court agrees. Initially, this Court's review of whether the ALJ's reasons for discounting Dr. Russell's opinion were "good reasons" is largely frustrated by the ALJ's failure to specify the "evidence" that he believed was unsupportive of Dr. Russell's findings. To the extent

4

that the ALJ's reasoning can be guessed-at by taking note of which opinion the ALJ *did* give controlling weight, that opinion did not constitute substantial evidence of record sufficient to undermine Dr. Russell's opinion or to support the ALJ's findings.

Specifically, in making his findings concerning J.S.E.W.'s severe impairments at step two, and again with respect to J.S.E.W.'s limitations at step three, the ALJ afforded "substantial" weight to the March 9, 2017 opinion of state agency medical consultant Dr. Jennifer A. Meyer (Dkt. #8 at 71-80, 368-70), and fully credited all of the diagnoses and most of the levels of functional limitation that she described. Dr. Meyer did not examine J.S.E.W., but reviewed the "record" and noted diagnoses of asthma and ADHD, resulting in marked limitations in social interaction, less than marked limitations in attending and completing tasks, self-care, and health and physical well-being, and no limitations in the remaining two domains. In granting substantial weight to that opinion, the ALJ stated only that "the findings, diagnoses and limitations are consistent with the record." (Dkt. #8 at 23).

In so doing, the ALJ again failed to specify the evidence upon which he was relying. Moreover, the ALJ overlooked the fact that Dr. Meyer's opinion, which was rendered at the initial level of agency review of plaintiff's application, was based on a mere fraction of the record. The evidence reviewed by Dr. Meyer did not include Dr. Russell's opinion, J.S.E.W.'s complete psychiatric treatment records, function reports completed by J.S.E.W.'s mother, or any of J.S.E.W.'s educational records, including his Individualized Education Plan ("IEP") and the opinion of J.S.E.W.'s special education teacher, Mrs. Kathleen Patterson, who noted "obvious" problems occurring daily in five of the six domains of functioning. (Dkt. #8 at 230-38). As such, to the extent that the ALJ implicitly concluded that Dr. Meyers' opinion meaningfully contradicted

that of Dr. Russell, or otherwise provided a "good reason" for declining to grant Dr. Russell's opinion controlling weight, that conclusion was erroneous and insufficiently supported.

In sum, because the ALJ failed to apply the treating physician rule or to identify any evidence contradicting Dr. Russell's diagnoses and opinion, and because careful consideration of the reviewing physician opinion that the ALJ *did* credit does not assist the Court to divine ALJ's reasoning, I find that the ALJ's decision was not supported by substantial evidence and was the product of legal error.

Nor were the ALJ's errors harmless. To the extent the ALJ erred at step two by failing to consider whether the ODD and separation anxiety disorder diagnosed by Dr. Russell were severe impairments, and by failing to consider their impact during later steps of the analysis regardless of whether they were severe, a proper consideration of those diagnoses has the potential to alter the ALJ's disability finding. Furthermore, because the ALJ already determined that J.S.E.W. had marked limitations in the domain of interacting and relating with others, any reweighing of Dr. Russell's opinion that credited his finding of marked limitations in one of the other four domains for which he opined "marked limitations" would compel a finding of disability.

## CONCLUSION

For the foregoing reasons, I find that the ALJ's decision is not supported by substantial evidence and was the product of legal error. The Commissioner's cross motion for judgment on the pleadings (Dkt. #12) is denied, plaintiff's motion for judgment on the pleadings (Dkt. #9) is granted, and the matter is remanded for further proceedings.

On remand, the ALJ is instructed to reconsider J.S.E.W.'s severe impairments at Step Two, to reassess the opinions of record with a detailed and well-reasoned application of the treating

physician rule, and to supplement the record with such additional evidence, if any, that the ALJ deems necessary to complete the record, including but not limited to opinions or clarification from treating sources, and educational records.

    IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       August 10, 2021.