UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JILL A. o/b/o J.S.E.W.,

                                  Plaintiff,

                                    DECISION AND ORDER

                                    20-CV-0727L

                v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                                Defendant.
_____

On August 10, 2021, the Court granted plaintiff's motion for judgment on the pleadings, and remanded this matter to the Commissioner for further proceedings. (Dkt. #15). The next day, the Clerk of Court entered judgment in plaintiff's favor. (Dkt. #16).

On November 9, 2021, plaintiff moved for an award of $7,587.25 in attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). (Dkt. #17). The Court issued a Scheduling Order on November 15, 2021, directing the Commissioner to file a response on or before January 10, 2022. (Dkt. #18). That deadline has expired, and the Commissioner has not responded, or requested additional time to do so. For the reasons that follow, plaintiff's motion is granted.

Pursuant to the EAJA, a prevailing party in a Social Security benefits case may be awarded fees payable by the United States," unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. §2412(d)(1)(A). "The burden is on the Government to show that its position was substantially

justified." *Pamela M. v. Comm'r of Soc. Sec.*, 2021 U.S. Dist. LEXIS 224120 at *2 (W.D.N.Y. 2021)(quoting *Eames v. Bowen*, 864 F.2d 251, 252 (2d Cir. 1988)). In light of the Commissioner's failure to oppose the motion for EAJA fees, the Court cannot conclude that its position was substantially justified, nor is the Court aware of any special circumstances that would make an award unjust.

The Court then turns to the reasonableness of the requested fee. EAJA fees are determined by examining the amount of time expended on the litigation and the attorney's hourly rate, which is capped by statute. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); 28 U.S.C. §2412(d)(2)(A). "When determining how many hours in a particular case are reasonable, courts weigh factors such as the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings." *Lofton v. Saul*, 2020 U.S. Dist. LEXIS 29908 at *3 (D. Conn. 2020). "Courts throughout the Second Circuit have consistently found that routine Social Security cases require, on average, between twenty and forty hours of attorney time to prosecute." *Id*. (internal brackets omitted). "Determining counsel's hourly rate under the EAJA involves applying a cost-of-living adjustment, as measured by the Consumer Price Index ('CPI'), to the statutory ceiling of $125.00 per hour set by the EAJA on March 29, 1996." *Montes v. Comm'r of Soc. Sec.*, 2019 U.S. Dist. LEXIS 88977 at *7 (W.D.N.Y. 2019) (internal quotation marks and brackets omitted). "The hourly rate should only be increased by the corresponding CPI for each year in which the legal work was performed." *Id*. (internal brackets omitted).

Here, counsel requests $7,587.25 in fees based on 34.8 hours of work in 2020 and 2021, calculated at the respective CPI-adjusted rates for each year. The Court finds the attendant calculations to be reasonable, in light of the issues presented, counsel's experience, and the

duration and quality of representation provided. (Dkt. #17-1). Plaintiff's motion for attorney fees pursuant to the EAJA (Dkt. #17) is therefore granted. The Commissioner shall, subject to any offset under the Treasury Offset Program, promptly pay $7,587.25 to plaintiff's counsel.

 IT IS SO ORDERED.

               _____
                  DAVID G. LARIMER
                 United States District Judge

Dated: Rochester, New York
     January 18, 2022.